UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN REGIONAL COUNCIL OF
CARPENTERS,

    Plaintiff,

v.

GLENN SMITH, an individual; LAURA
SMITH, and individual; and STACEY
ADKINS, an individual, jointly and
severally,

    Defendants.
_____/

Civil Action No. 13-CV-14566
Honorable Denise Page Hood

**ORDER DENYING PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER**

On November 1, 2013, Plaintiff Michigan Regional Council of Carpenters ("MRCC") filed a seventeen-count complaint against Defendants Glenn Smith, Laura Smith, and Stacey Adkins.  **[Docket No. 1]**  Plaintiff alleges that the Defendants utilized funds belonging to Plaintiff without Plaintiff's knowledge or permission. Defendant Laura Smith filed an answer captioned Answer to Complaint and Affirmative Defenses. **[Docket No. 10, filed December 11, 2013]**  Now before the Court is Plaintiff's Motion for a Temporary Restraining Order as to Defendant Laura Smith, which Plaintiff filed on December 12, 2013.  **[Docket No. 11]** For the reasons stated below, Plaintiff's Motion for a Temporary Restraining Order is **DENIED**.

**I.      BACKGROUND**

Plaintiff MRCC is a labor union doing business at 3800 Woodward, Ste. 1200, in Detroit, Michigan. (Compl. ¶ 2)  Defendant Laura Smith is the wife of Defendant Glenn Smith. (Compl. ¶ 3)  Glenn Smith was an employee of Plaintiff MRRC who "was authorized to, and had the discretion to, control monies and other assets of Plaintiff Union's accounts for the use of its operations, business and other related matters." (Compl. ¶ 9)  Plaintiff alleges it has reason to believe that Defendant Glenn Smith "withdrew an amount to be determined pursuant to an audit, but no less than $25,000.00" between the years of 2010 and 2013. (Compl ¶ 10)  Plaintiff further alleges that Defendant Glenn Smith "deposited those funds, and/or utilized same, for his own benefit . . . [and] for the benefit of . . . his wife, Laura Smith . . . ." (Compl. ¶ 10)  Plaintiff asserts that Defendant Glenn Smith has stipulated to a Temporary Restraining Order, which was filed on December 10, 2013.  This document, however, does not appear on the Court's docket as of December 13, 2013.  Plaintiff has also notified the Court that Defendant Laura Smith has not given concurrence in this matter.

Plaintiff filed its Complaint on November 1, 2013.  **[Docket No. 1]** Plaintiff's complaint alleges seventeen-counts for relief, though Defendant Laura Smith is not individually listed in every count.  Defendant Laura Smith is alleged to be liable on

eleven of those counts which include: Embezzlement/Misappropriation of Funds (Count I); Unjust Enrichment (Count II); Conversion (Count III); Treble Damages (Count IV); Civil Conspiracy (Count XI); Concert of Action (Count XII); Violation of 18 U.S.C. § 1962(c) (Count XIII); Violation of 18 U.S.C. § 1962(d) (Count XIV); Action for Accounting (Count XV); Injunctive Relief-Constructive Trust (Count XVI); and Action for Appointment of Receiver (Count XVII). Plaintiff asserts that it has no immediate remedy at law and that any substantial delay in the issuance of a temporary restraining order against Defendant Laura Smith "will result in the following immediate and irrevocable hard: loss of any funds and/or objects wrongfully obtained and still held and/or in the Defendant(s)' possession."

## II.   ANALYSIS

Federal Rule of Civil Procedure 65(b) allows the Court to issue a temporary restraining order without notice to the opposing party if the following circumstances are met:

> (A)   specific facts shown by affidavit or by a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;
>
> (B)   the movant's attorney certifies to the court in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Rule 65(b) is clear that the possibly drastic consequences of a restraining order mandate careful consideration by a trial court faced with such a request. 1966 Advisory Committee Note to 65(b). Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and imminent injury and has exhausted reasonable efforts to give the adverse party notice. *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371 (1971); *Sniadach v. Family Finance Corp.*, 339 U.S. 337 (1969); 11 Wright & Miller, Federal Practice and Procedure § 2951, at 504–06 (1973). Other factors such as the likelihood of success on the merits, the harm to the non-moving party and the public interest may also be considered. 11 Wright & Miller at § 2951, at 507-08; *Workman v. Bredesen*, 486 F.3d 896, 904-05 (6th Cir. 2007).

Regarding the irreparable injury requirement, it is well established that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. *Id.* at 511-12. For example, the Supreme Court has held that "[t]he loss of First Amendment freedoms, for even minimal periods of time unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Newsome v. Norris*, 888 F.3d 371, 378 (6th Cir. 1989).

Here, Plaintiff has failed to show that it will be irreparably harmed absent a temporary restraining order. Plaintiff alleges that the amount of damages suffered "shall be determined pursuant to audits currently being conducted." (Compl. ¶ 5) The Court is satisfied that this statement assumes that the amount of damages will be strictly pecuniary in nature. Additionally, the Court notes that Plaintiff expects damages to "exceed . . . $25,000.00." This estimation also shows a purely pecuniary loss.

The Court notes that the language used in Plaintiff's motion leads the Court to believe that the expected loss is "fully compensable by money damages." Plaintiff requests that this Court enjoin Defendant Laura Smith from "[r]emoving, hiding, transferring, . . . damaging, selling, encumbering, destroying, assigning, conveying, surrendering, waiving, relinquishing, mortgaging, pledging, leasing, granting options, or otherwise disposing of any of the *assets* . . . with respect to" various pecuniary interests including, but not limited to, "real property (or interest therein), business interests, [and] savings and checking accounts." Plaintiff also requests that the Court enjoin Defendant Laura Smith from performing various acts including charging additional debt, cashing in retirement plans, altering the beneficiary designation of life insurance policies, removing bank accounts, and selling or transferring household furniture. The Court is satisfied that these actions are pecuniary-based and this weighs

5

against granting Plaintiff's motion.

In *Grupo Mexicano de Desarrolo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999), the Supreme Court held that the district court had no authority to issue a preliminary injunction preventing a defendant from disposing of assets pending adjudication of a plaintiff's claim for monetary damages. *Id.* at 333. The *Grupo Mexicano* case involved a breach of contract claim for money damages by unsecured creditors of a group of investors who purchased notes involving a toll road construction. The Supreme Court recognized the case of the usual preliminary injunction where a plaintiff seeks to enjoin, pending the outcome of the litigation, an "action" that a plaintiff claims is unlawful. *Id.* at 314.

The Supreme Court also noted the difference between that injunctive relief and a preliminary injunction to protect an anticipated judgment of the court. *Id.* at 315. The Supreme Court stated that if a district court enters a preliminary injunction to protect assets in anticipation of a judgment of the court, as opposed to enjoining an "act" by the defendant, the defendant is harmed by the issuance of the unauthorized preliminary injunction. *Id.* at 315. An unsecured creditor has no rights at law or in equity in the property of the debtor prior to judgment. *Id.* at 330. The only cases where an unsecured creditor can obtain preliminary injunctive relief to prevent a defendant from disposing of assets pre-judgment include situations where statutes

permit the court to do so, such as in a bankruptcy action, or under the Securities Act, or under statutes authorizing tax injunctions. *Id.* at 326-28. Traditionally, courts of equity have not interfered with the debtor's disposition of his/her property at the insistence of a nonjudgment creditor. *Id.* at 329. A creditor must first obtain a judgment because a debtor has a right to a jury trial on the legal claim. *Id.* at 330. The Supreme Court noted that any prejudgment remedy may be sought under Fed. R. Civ. P. 64 which authorizes use of prejudgment remedies available under State law. *Id.* at 330-31.

Additionally, in *Grupo Mexicano*, the Supreme Court answered the narrower question of "whether, in an action for money damages, a United States District Court has the power to issue a preliminary injunction preventing the defendant from transferring assets in which no lien or equitable interest is claimed." *Id.* at 310. The Supreme Court reasoned that historically, a court of equity could not issue such provisional relief in the context of an action for money damages. *Id.* at 321 (noting the "general rule that a judgment establishing the debt was necessary before a court of equity would interfere with the debtor's use of his property"). The Supreme Court struck down the injunction issued by the lower court. *Id.* at 333. The Supreme Court, however, distinguished cases in which a plaintiff seeks equitable relief. *Id.* at 324-25. *See e.g.*, *Deckert v. Independence Shares Corp.*, 311 U.S. 282, 290 (1940) (upholding

7

a preliminary injunction that prevented a party from transferring assets as "a reasonable measure to preserve the status quo pending final determination of the questions raised by the bill" where the complaint stated claims for equitable relief (namely, rescission of contract and restitution)). The Supreme Court stated that *Deckert* was distinguishable from *Grupo Mexicano* because, as the Supreme Court took pains to explain, "the bill stated a cause [of action] for equitable relief." The preliminary relief available in a suit seeking equitable relief has nothing to do with the preliminary relief available to a creditor's bill seeking equitable assistance in the collection of a legal debt. *Id.* at 325 (quoting *Deckert*, 311 U.S. at 288).

In this case, Plaintiff asserts multiple claims against Defendant Laura Smith for both money damages in excess of $25,000.00 and equitable relief in the form of Injunctive Relief-Constructive Trust in Count XVI and an Action for Appointment of Receiver in Count XVII of the Complaint. Pursuant to *Grupo Mexicano*, this Court cannot issue the injunction on Plaintiff's claims for money damages. As to the claim of constructive trust, the Court may be able to issue an injunction as to these assets. However, courts have held that in order to issue an order freezing certain assets, the court must have sufficient evidence to show a threat that an individual will dissipate the assets. *Gen. Ret. Sys. of the City of Detroit v. Onyx Capital Advisors, LLC*, 10-CV-11941, 2010 WL 2231885 (E.D. Mich. June 4, 2010) (citing *Newby v. Enron*

8

*Corporation,* 188 F. Supp. 2d 684, 707-08 (S.D. Tex. 2002)). In this case, Plaintiff has not submitted any evidence that there is a threat that Defendant will dissipate the assets. Plaintiff's Motion for Temporary Restraining Order as to Defendant Laura Smith is **DENIED**.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order as to Defendant Laura Smith **[Docket No. 11, filed December 12, 2013]** is **DENIED** pursuant to Fed. R. Civ. P. 65(b).

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: December 13, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 13, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager